|   |   |
|---|---|
| YUEN HAN LI and JUDY YUEN LI d.b.a. GOLDEN WELL, | No. C 10-02488 LB |
| Plaintiffs, | **ORDER GRANTING MOTION TO COMPEL** |
| v. | [ECF No. 34] |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

## I. INTRODUCTION

Plaintiffs Yuen Han Li and Judy Yuen Li, *d.b.a.* Golden Well (collectively, "Plaintiffs"), seek judicial review of United States Department of Agriculture's decision to permanently disqualify their retail market, Golden Well, from the Supplemental Nutrition and Assistance Program ("SNAP"), formerly known as the Food Stamp Program, by the. Complaint, ECF No. 1 at 2. Defendant United States of America now seeks an order compelling Oceanview Supermarket ("Oceanview") – a nonparty that allegedly sold rice to Plaintiffs – to produce documents relating to Plaintiffs. ECF No. 34.[1]

Oceanview failed to file either an opposition brief or a statement of non-opposition in violation

---

[1] Citations are to the docket numbers in the Electronic Case File (ECF) with pin cites to the electronically-stamped pages at the top of the document (as opposed to numbers at the bottom).

ORDER GRANTING MOTION TO COMPEL
C 10-02488 LB

1  of Civil Local Rule 7-3(a) (("Any opposition to a motion must be served and filed not less than 21
2  days before the hearing date."). Pursuant to Civil Local Rule 7-1(b), the court deems this motion
3  suitable for decision without oral argument. Having considered the parties' papers, relevant legal
4  authority, and the record in this case, the court **GRANTS** the United States's motion to compel
5  production of documents from Oceanview because the requested documents are relevant and
6  Oceanview did not file any objections to the subpoena or an opposition to the motion.

## II.  FACTS

8  This case is about Plaintiffs' challenge to the permanent disqualification of their retail market,
9  Golden Well, from the Supplemental Nutrition and Assistance Program ("SNAP"), formerly known
10 as the Food Stamp Program, by the United States Department of Agriculture's Food and Nutrition
11 Service. Complaint, ECF No. 1 at 2, 14-15, ¶¶ 1-4, 64. Golden Well was permanently disqualified
12 for allegedly having trafficked food stamp benefits (i.e., exchanged food stamp benefits for cash).
13 *Id.* at 10-12, ¶¶ 45, 54. The trafficking charge was based on four categories of food stamp
14 transactions at Golden Well from May 2008 through December 2008 which the United States
15 deemed to be suspicious. *Id.* at 10-11, ¶¶ 45-46. One of Plaintiffs' defenses to the trafficking
16 charge was that some or all of the suspicious transactions could be explained by sales of large
17 amounts of rice. *Id.* at 11-12, ¶¶ 48, 50-52. Plaintiffs claim to have bought large quantities of rice
18 for resale from Oceanview. *Id.* at 9, ¶¶ 37-38.

19 In order to obtain information potentially relevant to Plaintiffs' claims that they had sold large
20 quantities of rice and that they had obtained much of that rice from Oceanview, the United States,
21 through Quest Discovery Services ("Quest"), served a subpoena on Oceanview for the following
22 documents on December 10, 2010:

> All records, including all electronically stored information, from October 1, 2007 to the present, relating to the Golden Well food retail market located at 918 Clay Street, San Francisco, California 94108, including but not limited to, invoices, billing records, and records of payment.

26 Tseng Decl., ECF Mo. 35, at 1, ¶ 2; Exh. A ECF No. 35-1; Exh. B, ECF No 35-2. The date for
27 production commanded on the subpoena was January 5, 2011. Exh. A, ECF No. 35-1 at 3.
28 After the deadline for production passed without compliance or any objection, Quest sent follow-

1  up correspondence to Oceanview on February 1, February 3, and March 4, 2011, seeking a response
2  to the subpoena. Exh. C, ECF No. 35-3; Exh. D, ECF No. 35-4; Exh. E, ECF No. 35-5. On
3  February 28, 2011, the United States's counsel of record sent a letter to Oceanview requesting
4  compliance with the subpoena no later than March 7, 2011, and reserving the right to seek relief
5  from the court, including an order compelling production and/or an order finding Oceanview in
6  contempt of court pursuant to Rule 45. Exh. F, ECF No. 35-6. As of March 10, 2011, the date of
7  filing of this motion, the United States still had received no objection to or compliance with the
8  subpoena. Tseng Decl., ECF No. 35 at 2, ¶ 8. Additionally, as noted above, Oceanview did not file
9  an opposition brief.

## III. LEGAL STANDARD

11  "Rule 45 of the Federal Rules of Civil Procedure governs discovery of nonparties by subpoena."
12  *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679 (N.D. Cal. 2006). A subpoena may command a
13  person to produce designated documents at a specified time and place. Fed. R. Civ. P.
14  45(a)(1)(A)(iii). A person commanded to produce documents may serve a written objection before
15  the earlier of the time specified for compliance or 14 days after the subpoena is served. Fed. R. Civ.
16  P. 45(c)(2)(B). If the person does so, then the serving party may at any time, on notice to the
17  commanded person, move the issuing court for an order compelling production. Fed. R. Civ. P.
18  45(c)(2)(B)(I).

19  The scope of discovery through a subpoena is governed by the discovery rules, including Fed. R.
20  Civ. P. 34 and 26(b). *See Gonzales*, 234 F.R.D. at 679. Rule 34 specifically recognizes that, "[a]s
21  provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to
22  permit an inspection." Fed. R. Civ. P. 34(c). Under Rule 26(b), "[p]arties may obtain discovery
23  regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P.
24  26(b)(1). In addition, "[f]or good cause, the court may order discovery of any matter relevant to the
25  subject matter involved in the action." *Id.* Relevance is defined broadly for discovery purposes.
26  *See Gonzales*, 234 F.R.D. at 679-80. "Relevant information need not be admissible at the trial if the
27  discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R.
28  Civ. P. 26(b)(1).

ORDER GRANTING MOTION TO COMPEL
C 10-02488 LB
3

### IV. DISCUSSION

The United States has subpoenaed documents that are relevant to plaintiff's claims that some or all of the suspicious transactions can be explained by bulk sales of rice, much of which was purportedly purchased from Oceanview. The subpoenaed documents may reasonably be expected to shed light, for instance, on whether, when and how plaintiffs purchased rice from Oceanview; in what quantities; and whether, when and how plaintiffs paid for that rice.

The documents were supposed to have been produced by January 5, 2011. Any objection was due 14 days after service of the subpoena on December 10, 2010, or by December 24, 2010. Fed. R. Civ. P. 45(c)(2)(B). Oceanview did not make any objection and did not produce any documents despite the United States's and Quest's repeated efforts to obtain the information. Therefore, this court orders Oceanview to produce the subpoenaed documents within seven days of the filing of this order. *See McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C. D. Cal. 2002) ("[A] nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objection, including attorney-client privilege, has been waived.").

### V. CONCLUSION

For the foregoing reasons, the court hereby **GRANTS** the United States's motion to compel and **ORDERS** Oceanview to produce to the United States within seven days of the filing of this order the documents described in the United States's subpoena to Oceanview, to wit: "All records, including all electronically stored information, from October 1, 2007 to the present, relating to the Golden Well food retail market located at 918 Clay Street, San Francisco, California 94108, including but not limited to, invoices, billing records, and records of payment."

This disposes of ECF No. 34.

**IT IS SO ORDERED.**

Dated: April 20, 2011

_____
LAUREL BEELER
United States Magistrate Judge