UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Oakland Division

YUEN HAN LI, *et al.*,

    Plaintiffs,

v.

UNITED STATES,

    Defendant.
_____/

No. C 10-02488 LB

**FINAL PRETRIAL ORDER**

The Court held a final pretrial conference in this matter on September 13, 2011 and issues this final pretrial order pursuant to Federal Rule of Civil Procedure 16(e).

**I.     JURISDICTION AND VENUE**

This Court has jurisdiction pursuant to 7 U.S.C. §2023(a)(13).  Jurisdiction is also found under 7 C.F.R. §279.7(a).  Jurisdiction is not disputed.

Venue is proper in this Court pursuant to 7 U.S.C. §2023(a)(13), and 7 C.F.R. §279.7(a), because both petitioners are residents of San Francisco County, which in located in the Northern District of California.  Moreover, Golden Well has been, and is engaged in business in the Northern District of California.  Venue is not disputed.

**II.     TRIAL DATE & LENGTH OF TRIAL**

A.  The bench trial shall begin on September 26, 2011, in Courtroom 4, 3rd Floor, U.S. District Court, 1301 Clay Street, Oakland, California.  The trial will last two days.  The trial will be held on

FINAL PRETRIAL ORDER
C 10-02488 LB

1  Monday from 8:30 a.m. to 5:00 p.m. and  on Tuesday from 8:30 a.m. to 3:00 p.m.  Each day will
2  include two fifteen-minute breaks and a lunch break of forty-five minutes.  The trial may extend to a
3  third day if the interests of justice so requires.  Counsel should arrive at 8:15 a.m. to address any
4  issues (such as objections) before the trial day begins.

5      B.   Plaintiffs will have six hours to present the direct examination of its witnesses and to cross-
6  examine the opposing party's witnesses, including all objections raised during the trial day.
7  Defendants will have four hours to present the direct examination of its witnesses and to cross-
8  examine the opposing party's witnesses, including all objections raised during the trial day.  In
9  addition, each party may make an opening statement of up to fifteen minutes and a closing statement
10  of up to thirty  minutes.

11  **III.   PROCEDURE FOR EXHIBITS DURING TRIAL**
12      Please refer to the court's September 17, 2010 Pretrial Order (ECF No. 22) for the proper
13  procedures regarding the presentation of exhibits during trial.

14  **IV.   PROCEDURE FOR WITNESSES DURING TRIAL**
15      Please refer to the court's September 17, 2010 Pretrial Order (ECF No. 22) for the proper
16  procedures regarding the presentation of witness testimony during trial.

17  **V.   CLAIMS & DEFENSES REMAINING**
18      A.   Plaintiffs' Claim
19      Plaintiffs Yuen Han Li and Judy Yuen Li seek a judicial review of the United States
20  Department of Agriculture's Food and Nutrition Service's administrative action to permanently
21  disqualify Golden Well from the Supplemental Nutrition Assistance Program (SNAP) pursuant to 7
22  C.F.R. §278.6(e)(1)(i) due to a find of trafficking.  Plaintiffs claim that the findings of trafficking
23  and the decision to permanently disqualify Golden Well from the program are invalid.  Therefore,
24  the Court is asked to decide two questions: (a) whether the violation occurred, and (b) whether the
25  penalty imposed on plaintiff is valid. *See Plaid Pantry Stores, Inc. v. United States*, 799 F.2d 560,
26  563 (9th Cir. 1986).  However, the parties stipulate that, if the Court determines that Plaintiffs have
27  not carried their burden of proving by a preponderance of the evidence that trafficking did not occur,
28

FINAL PRETRIAL ORDER
C 10-02488 LB                                        2

then Defendant's permanent disqualification of Plaintiffs from SNAP was not arbitrary and capricious. Stipulation, ECF No. 48-4 at 1-2.

### B. Defendant's Defenses

Defendant contends that Plaintiffs cannot prove "by a preponderance of the evidence that the violations [trafficking] did not occur." *Kim v. United States*, 121 F.3d 1269, 1271 (9th Cir. 1997). The agency's decision is presumed to be valid, and Defendant contends that Plaintiffs cannot prove that it should be set aside. *See Redmond v. United States*, 507 F.2d 1007, 1011 (5th Cir. 1975). Defendant further contends that Plaintiffs cannot prove that "each of the violations charged" was not trafficking. *Kahin v. United States*, 101 F. Supp. 2d 1299, 1303 (S.D. Cal. 2000).

Defendant also contends that the penalty of permanent disqualification was not arbitrary and capricious based on its assertion that Plaintiffs cannot prove by a preponderance of the evidence that trafficking did not occur.

## VI. MOTIONS IN LIMINE

A. The Court made the following rulings on Defendant's Motions in Limine. For the reasons stated on the record and good cause appearing, **IT IS HEREBY ORDERED** that:

Defendant's Motion *in Limine* 1 filed at ECF No. 51 is granted; and

Defendant's Motion *in Limine* 2 filed at ECF No. 53 is denied.

## VII. WITNESSES

### A. Plaintiffs

For their case-in-chief, Plaintiffs may call the witnesses listed on Plaintiffs' witness list separately filed at ECF No. 48-8 at 2-5.

### B. Defendant

For its case-in-chief, Defendant may call the witnesses listed on Defendant's witness list separately filed at ECF No. 48-9 at 1-4.

## VIII. EXHIBITS

Plaintiffs object to Defendant's proposed Exhibit Nos. 100-04, 107-08, 110-12, 114-17, 122-23, 128, 131-34. ECF No. 57. Defendant objects to Plaintiffs' proposed Exhibit Nos. 1-6, 25, 34, and 36-41. ECF No. 64. At the pretrial conference, the Court ruled on these objections, denying

1  Plaintiffs' objections to all of the exhibits and denying Defendant's objections to proposed Exhibit
2  Nos. 2-5, 25, and 34.  The Court denied Defendant's deadline-based objections to Plaintiffs'
3  proposed  Exhibit Nos. 36-41 but permitted Defendant to reserve its other objections.

    The parties shall meet and confer to discuss any final stipulations or objections, Plaintiffs' revised summary charts, and any other outstanding issues by Wednesday, September 21, 2011.  The parties shall inform the Court of any development no later than noon on Thursday, September 22, 2011.

**IX. AUTHENTICITY**

    A.   The parties agreed that copies of exhibits may be used as originals and, subject to the court's rulings on issues such as relevance, generally stipulated to the authenticity of the business records and investigative reports.  The parties shall file a stipulation to this effect by noon on Thursday, September 22, 2011.

    B.   The parties agreed that the Administrative Record (A.R. 1 to A.R. 401), and all documents therein, are authentic for purposes of Federal Rule of Evidence 901.  Stipulation, ECF No. 48-2 at 1-2. This does not preclude any party from objecting to admissibility on any other ground under the Federal Rules of Evidence. *Id.*

**X.     STIPULATIONS OF FACTS**

    The stipulations of facts filed at ECF No. 48 at 3-6 are approved and binding on all parties.  The parties also stipulate that Plaintiffs will not use the rice crisis of 2008 as an explanation for any purported rice purchases or rice purchasing patterns at Golden Well but this does not preclude Defendant from introducing or seeking to introduce into evidence for any purpose any evidence relating to any previous statement Plaintiffs made about, or any previous use Plaintiffs made of, the rice crisis as an explanation for any purported rice purchases or rice purchasing patterns at Golden Well.  Stipulation, ECF No. 48-3 at 1-2.

**IT IS SO ORDERED**.

Dated:  September 13, 2011

                                                  LAUREL BEELER
                                                  United States Magistrate Judge